**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

OFELIA MARTINEZ                                                                                        PLAINTIFF

V.                                                                                         CAUSE NO.: 3:04-cv-45WS

TRES AMIGOS TOURS AND
AUTOBUSES LUCANO, INC.                                                                      DEFENDANTS

**ORDER**

Before this court are defendant AUTOBUSES LUCANO, INC.'s motion for remittitur [docket # 78], along with defendant TRES AMIGOS TOURS' motions for judgment as a matter of law or, alternatively, for a new trial on all issues [docket # 84]; motion to stay [docket # 86]; and, motion for leave to file [docket # 89].

The principal concern of the court is whether plaintiff and defendant Autobuses Lucano had an undisclosed agreement whereby Lucano would assist the plaintiff in obtaining a verdict against Lucano and assign its alleged bad faith rights against an insurance carrier in return for the forbearance to execute judgment. The conduct of the parties throughout the trial, along with various testimony elicited, suggests that such an agreement did exist.

1

An agreement between a plaintiff and one defendant in a multi-defendant case, in which that defendant settles with the plaintiff but remains a named defendant in the case, is commonly dubbed a "Mary Carter" agreement.  Generally, the agreement includes the provision of assistance to the plaintiff in establishing liability and obtaining recovery.  See *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 309 (5th Cir. 1993) (citing *Marathon Oil Co. v. Mid-Continent Underwriters*, 786 F.2d 1301, 1303 n.1 (5th Cir. 1986);  *Wilkins v. P.M.B. Systems Engineering, Inc.*, 741 F.2d 795, 798 n.2 (5th Cir. 1984)).  Such an agreement "gives the contracting defendant a strong incentive to help the plaintiff recover at the expense of its codefendants." *Id.*  The secretive nature of the agreement and the settling defendant's financial interest in the amount recovered against co-defendants have led to much criticism of such agreements.  *Carter v. Tom's Truck Repair*, 857 S.W.2d 172, 175-76 (Mo. 1993).  Three states, Texas, Nevada, and Wisconsin, have declared Mary Carter agreements *per se* invalid.  *Id.* (internal cites omitted).  A strong public policy against allowing secret agreements to mislead either a non-settling defendant, jury, or trial court is weighed against public policy considerations in favor of permitting plaintiffs to control their cases and to settle cases as they choose. *Id.* at 176 (finding case-by-case evaluation appropriate, to assure deception does not taint the trial process).

Mississippi law has not directly addressed the propriety of Mary Carter agreements.  The decision to grant a new trial is, however, is soundly within the discretion of the trial court.  *City of Jackson v. Copeland*, 490 So.2d 834, 837 (Miss. 1986).  Such motions should be granted sparingly but are appropriate where the trial judge believes that the verdict, if allowed to stand, would work a miscarriage of justice.

*Dorrough v. Wilkes*, 817 So. 2d 567, 573 (Miss. 2002).

Even though Tres Amigos moved to realign the parties during the course of the trial, the damage to the integrity of the proceedings was already done. To permit such an undisclosed agreement, and the prejudice caused to defendant Tres Amigos, can only result in manifest injustice. Therefore, the court grants Tres Amigos Tours' motion for a new trial [docket # 84], sets aside the verdict and calls for a new trial on all issues. All other outstanding motions [docket #s 78, 86 and 89 are denied].

Trial is set for this court's trial term beginning on April 30, 2007. Pretrial conference will be held on April 17 or 18, 2007.

**SO ORDERED AND ADJUDGED, this the 29th day of September, 2006.**

             **s/ HENRY T. WINGATE**

             _____
             **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04cv360WS
Order